**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 13, 2022

LETTER TO COUNSEL

    RE:    *Carey H. v. Commissioner, Social Security Administration*
               Civil No. SAG-20-3141

Dear Counsel:

      On October 28, 2020, Plaintiff Carey H. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment and Plaintiff's reply. ECF Nos. 19, 24, 25. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Plaintiff filed his claim for benefits on July 5, 2017, alleging a disability onset date of June 6, 2016. Tr. 170-71. His claim was denied initially and on reconsideration. Tr. 90-93, 99-101. On October 4, 2019, an Administrative Law Judge ("ALJ") held a hearing. Tr. 33-60. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 7-27. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

      The ALJ found that Plaintiff suffered from the severe impairments of "osteoarthritis and arthropathic psoriasis of the hands, wrists, elbows, knees, and feet; lumbar spine degenerative disc disease with disc bulge at L3-L4 and disc protrusion at L4-L5; obstructive sleep apnea (OSA); disorders of the gastrointestinal system with irritable bowel syndrome (IBS); residual effects of Clostridium difficile infection; and nonalcoholic fatty liver disease." Tr. 12-13. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) with the following exceptions: occasionally climbing ramps or stairs; never climbing ladders, ropes, or scaffolds; frequently balancing, stooping, kneeling, or crouching; never

*Carey H. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3141
January 13, 2022
Page 2

> crawling; frequently handling, fingering, or feeling with the bilateral upper extremities; never working at or near unprotected heights or moving mechanical parts; and avoiding more than occasional exposure to extreme cold. Additionally, due to the effects of pain and other physically based symptoms, [Plaintiff] is limited to performing simple and routine tasks, and he would be off task five percent of the workday in addition to normal breaks.

Tr. 16-17. The ALJ determined that Plaintiff was unable to perform past relevant work as a delivery driver, supervisor of lawn service, or working lawn-service worker, but could perform other jobs that existed in significant numbers in the national economy. Tr. 21-22. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 22.

Plaintiff raises two arguments on appeal, specifically that the ALJ erroneously: 1) evaluated the medical opinions contained in Plaintiff's record; and 2) evaluated Plaintiff's subjective complaints. ECF No. 19-1 at 10-18.

First, Plaintiff argues that the ALJ failed to properly evaluate two medical opinions in Plaintiff's record. ECF No. 19-1 at 10-16. For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled. *See* 20 C.F.R. §§ 404.1520c, 416.920c. An ALJ is required to articulate in the decision how persuasive he finds each medical opinion. *Id.* §§ 404.1520c(b), 416.920c(b). Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Therefore, the ALJ "will explain how [he] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the] . . . decision." *Id.* Supportability generally refers to "the objective medical evidence and supporting explanations provided by a medical source." *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). Consistency generally refers to the consistency between the opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* §§ 404.1520c(c)(2), 416.920c(c)(2). ALJs also consider other factors enumerated in the regulations, and they "may, but are not required to," explain that consideration in the decision. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2).

Here, Plaintiff questions the ALJ's discussion of the opinion of Plaintiff's treating rheumatologist, Ashok Jacob, M.D., and primary care provider, Gurmeet Sawhney, M.D. Regarding Dr. Jacob's medical opinion, it states in part that Plaintiff can sit for four hours and stand and/or walk for one hour, would need a 15-minute break every 1-2 hours, and would be absent two to three times a month. Tr. 383-85. The ALJ noted that Dr. Jacob specialized in an area relevant for evaluating the severity of Plaintiff's symptoms, and treated Plaintiff frequently. Tr. 19. The ALJ found that Plaintiff's longitudinal treatment:

> [S]upport[s] Dr. Jacob's assigned exertional limitations in general, although Dr. Jacob appears to have assessed slightly excessive restrictions. Dr. Jacob opined no limitation in reaching, handling, or fingering, but these parts of his opinion conflict greatly with his own observations of swelling and function loss in the hands and elbows, which he even mentions in his opinion. There is no evidence supporting

*Carey H. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3141
January 13, 2022
Page 3

> the need for so many absences. While [Plaintiff] would need unscheduled breaks often, these breaks are not due to autoimmune disorder issues but digestive issues. In any case, the undersigned finds that the time off task is just five percent of the workday.

Tr. 19. With respect to Dr. Sawhney's medical opinion, it stated that Plaintiff would have significant limitations in reaching, handling, or fingering due to hand pain, that Plaintiff's pain, fatigue, or other symptoms would frequently interfere with attention and concentration, that Plaintiff would need to take a 10-20 minute break every hour, and would be absent from work more than three times a month. Tr. 285-86. The ALJ found this opinion to be mostly persuasive given Plaintiff's record, but noted that the restrictions appeared to be slightly excessive, and that "the specific preclusion for all handling or fingering conflicts with [Plaintiff's] admitted ability to drive a motor vehicle." Tr. 20. Again, the ALJ found that there was no evidence in Plaintiff's record to support the number of absences opined by Dr. Sawhney and that Plaintiff's record supported that he would be off task only five percent of the workday. *Id.*

Plaintiff maintains that the ALJ offered "little more than a conclusory determination that the disabling limitations described by the treating sources have no support in the record." ECF No. 19-1 at 11. However, the ALJ offered a detailed description not only of the medical opinions themselves, but which specific restrictions (namely the number of absences a month and time off task) did not have support in Plaintiff's record. For both Dr. Jacob's and Dr. Sawhney's opinions, the ALJ discussed how the opinions were consistent with, and why certain restrictions were or were not supported by, the Plaintiff's record as a whole. Specifically regarding the amount of time Plaintiff would be off task, the ALJ noted in the RFC that "[h]e would be off task an additional five percent of the workday because he needs to take extra bathroom breaks" due to "persistent and limiting gastrointestinal and digestive disorders." Tr. 20. While Plaintiff argues that the ALJ "did not cite to any specific medical findings that contradicted the disabling limitations reported by Drs. Jacob and Sawhney," there is no requirement to do so. ECF No. 19-1 at 11. Here, the ALJ explained why the medical opinions in question, and specific limitations, were or were not supported and consistent with Plaintiff's overall record. Contrary to Plaintiff's argument, the ALJ also provided an extensive narrative discussion within Plaintiff's RFC explaining how the different restrictions included in the RFC accommodated Plaintiff's limitations. Tr. 20. Accordingly, remand is not warranted on this issue.

Second, Plaintiff maintains that the ALJ failed to properly consider Plaintiff's subjective complaints. ECF No. 19-1 at 16-18. An ALJ properly analyzes subjective complaints by using a two-part test. *See Craig*, 76 F.3d at 594-95 (discussing the two-part framework used in the Fourth Circuit). First, the ALJ must assess the objective medical evidence and determine whether the plaintiff has a medically determinable impairment that could reasonably be expected to produce the pain or symptoms alleged. 20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 16-3p, 2016 WL 1119029, at *4 (2016). Second, and if the ALJ finds a medically determinable impairment, the ALJ assesses the plaintiff's symptoms to determine how the symptoms' intensity and persistence affect the plaintiff's ability to work. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c). At the second step, "there need not be objective evidence of the pain itself or its intensity." *Arakas v. Comm'r,*

3

*Carey H. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3141
January 13, 2022
Page 4

*Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989)). However, while "a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can be reasonably be expected to cause the pain the claimant alleges she suffers." *Craig*, 76 F.3d at 595.

In this case, the ALJ found that Plaintiff's medically determinable impairments could be reasonably expected to cause his alleged symptoms, but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 18. In addition to objective medical evidence that Plaintiff was not as limited as he claimed, the ALJ also noted that Plaintiff testified that "he is able to perform[] some household chores and daily activities, such as preparing meals," driving a car without accompaniment, and regularly lifting and carrying 50 pounds. Tr. 19. Therefore, the ALJ did not discount Plaintiff's subjective complaints only due to lack of objective medical evidence, but also due to Plaintiff's testimony regarding his daily activities and weightlifting ability. Accordingly, remand is not warranted on this issue.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays*, 907 F.2d at 1456. Here, I find that substantial evidence supports the ALJ's determination. Therefore, remand is not warranted.

For the reasons set forth herein, Defendant's Motion for Summary Judgment, ECF No. 24, is GRANTED, and the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                      Sincerely yours,

                                      /s/
                                      Stephanie A. Gallagher
                                      United States District Judge